## Mrs. Martha Scott v. L. C. R. Scott.

### (Case No. 1772.)

1. DIVORCE.— The general rule that the excesses and cruelty used by one married person to another must be such as produce bodily harm, or the fear of it, in order to authorize a divorce, has been so far modified in Texas as to allow the wife a divorce for words spoken by the husband impeaching her

chastity. In no other case have mere words spoken by either party been held sufficient to authorize a divorce.

2. DIVORCE.— A man assumes the risk, when he marries, that his wife may not love him; and the fact that she sometimes gives vent to her anger so as to convey to by-standers the impression that she is wanting in respect for him, and for a short time refuses to sleep in the same room with him, will not. alone authorize the granting of a divorce.

APPEAL from Orange. Tried below before the Hon. W. II. Ford. The suit was by the husband, L. O. R. Scott. The character of the petition, a demurrer to which was overruled, is sufficiently indicated by the opinion. Though there was much evidence on both sides showing that neither of the parties was very amiable, there was no pretense that the virtue of either was brought in question by the other, or that any violence had been used by, or was apprehended from, either. The answer of the wife set up the fact that the plaintiff had failed and refused to support her for nearly two years before the most serious estrangement, and the evidence tended to establish that fact; the evidence seemed to show, also, that once when the wife approached the husband he pushed her from him and told her, in the presence of another, that he had taken her from the gutter and made her what she was. For being what the petition alleged her to be, the divorce was sought. The chief controversy below seemed to be over a partition of property.

O. Chinault and O'Brien & John, for appellant, cited: 6 Tex., 317; 18 Tex., 525; Byrne v. Byrne, 3 Tex., 340; 2 Tex., 114; Wright v. Wright, 3 Tex., 181,

Wm. Chambers, for appellee, cited: Nogees v. Nogees, 7 Tex., 538; Wright v. Wright, 6 Tex., 3; Sheffield v. Sheffield, 3 Tex., 79.

WILLIE, CHIEF JUSTICE.— This action was brought by the husband to obtain a divorce from his wife for cruelties, excesses and ill-treatment, which he alleged rendered their living together insupportable. A general demurrer, which brought into question the sufficiency of the allegations of the petition to entitle the plaintiff to a divorce, was overruled by the court below, and this, among other rulings, is assigned as an error for which the judgment should be reversed.

Without going into a detail of the acts of cruelty alleged, it is sufficient to say that they do not in our opinion make out a case in which a decree of divorce should have been granted to the appellee.

They consist of an occasional outbreak of temper on the part of the wife, improper and perhaps insulting expressions used towards the husband in the presence of third parties on a few occasions, all of which may have been the result of sudden passion and not deliberately intended to wound his mind, or prevent a reconciliation in case a proper degree of forbearance on his part was exercised.

To these may be added a separation from his bed by occupying another room from that in which he slept, which separation had continued for but a short time at the date when this suit was brought.

It has frequently been said that no general rule as to what will be considered sufficient cruelty to authorize a divorce can be laid down that will serve as a guide in all cases.

It is generally held that unless the excesses charged are such as produce bodily harm or the fear of it, a divorce cannot be granted. In our state, however, this rule has been, for obvious reasons, so far modified as to allow the wife a divorce for words spoken by her husband which impeached her chastity. Jones v. Jones, 60 Tex., 451.

In no other cases have mere words alone, unaccompanied by other acts of cruelty, been held sufficient excesses to justify a separation from the bonds of matrimony.

It has been correctly held that language or conduct, made use of by the husband towards the wife, may amount to sufficient cruelty to authorize a divorce, when it would not if used by the wife towards her husband. Yet in Camp v. Camp, 18 Tex., 528, excesses committed by the husband of a more heinous and revolting nature than those alleged in this petition were held not to entitle the wife to a divorce.

To put the worst phase upon the conduct of the wife in this case, there is nothing in what she said or did from which the husband could possibly fear that she would do him bodily harm; nor did she ever accuse him of any offense, vice or immorality whatever. The worst effect her words could possibly have had was to make bystanders believe that his wife had but little respect for him, and perhaps no love, and gave vent to her feelings at ill chosen times.

Of all such unpleasant matters he took the risks when he married, and the remedy for them was forbearance, and not a resort to the courts for a dissolution of the marriage. The marriage tie is too sacred to be severed for so slight a cause. We find no case in which a divorce has been granted on so small a showing of cruelty, and we have no desire to set a precedent of that kind.

We think the court below was in error when it overruled the general demurrer to appellant's petition, and for this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 12, 1884.]