## JULIA BURNEY v. CHARLES BURNEY.

### No. 882.

**1. Divorce—Adultery—Insufficient Evidence.**
Evidence sufficient merely to arouse some suspicion of the wife's fidelity, is not such proof of adultery as will warrant a decree of divorce.

**2. Same—Cruel Treatment.**
Evidence showing that the wife had once filed a charge of threats against the husband, asking to have him put under a peace bond, and that the charge was not sustained, is not proof that she was guilty of such cruel treatment as would justify granting a divorce to the husband.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*R. B. Seay* and *Henry S. Crawford,* for appellant.

*Miller & Williams,* for appellee.

FINLEY, ASSOCIATE JUSTICE.—Julia Burney instituted this suit against her husband, Chas. Burney, seeking a decree of divorce and adjudication of property rights. Chas. Burney filed a cross-bill, seeking a divorce from his wife, Julia Burney, based upon the grounds of adultery and cruel treatment. At the trial Julia Burney sought a continuance of the case, and on the refusal of her application, she dismissed her suit. The cause then went to trial upon the cross-bill of Chas. Burney. The trial court entered a decree in favor of Chas. Burney, dissolving the marriage relation, and making a division of the property; from this decree Julia Burney has appealed.

Under proper assignments of error, appellant urges that the evidence was insufficient to establish either ground upon which the divorce was

sought. After a careful review of the evidence, we have reached the conclusion that the evidence adduced upon the trial failed to establish either of the grounds upon which the divorce was asked. As to the ground of adultery, the evidence, at most, raises only a suspicion of the fact. There were only two witnesses who testified upon this point. The substance of their testimony was to this effect: Ann Allen, a witness, went to the house of plaintiff and knocked on the door for admission, but was denied admission by the plaintiff. She was not satisfied, and walked around to the back of the house to see what was going on. She saw the plaintiff and a negro preacher named Morgan—plaintiff herself being a negro. Plaintiff and this man Morgan were in the parlor together when witness knocked on the door, and she was refused admission. She saw the preacher Morgan walk through plaintiff's bedroom and out on the porch, but did not see them together in the bedroom; there was no bed in the parlor, but a lounge or settee.

At another time, when one Dick Winfrey, a deputy sheriff, went with a warrant to arrest the negro Chas. Burney, he saw a man whom he thought was a negro preacher, and witness testified that he "acted like he was at home." There were no other persons present at the house but plaintiff and this man.

This is all the testimony bearing upon the charge of adultery, and while it may be sufficient to arouse some suspicion as to the fidelity of the wife, it does not come up to that certainty of proof contemplated by the law as a basis for a decree of divorce. Rev. Stats., art. 2161, sec. 2; Travidio v. Travidio, 54 Texas, 261.

As to the ground of cruel treatment, the only evidence that was offered upon this point was that the plaintiff had filed in the Justice's Court a complaint against her husband of threats, and asked to have him placed under a peace bond. Her complaint was not sustained, and the defendant was discharged without being required to give a peace bond. The facts developed in that proceeding are not attempted to be disclosed. We simply have before us the fact that the plaintiff sought to have her husband placed under a peace bond, and failed in the proceeding. With this fact alone before us, we can not say that the wife was guilty of such cruel treatment as would justify a court in dissolving the marriage relation between the parties. Scott v. Scott, 61 Texas, 119; Eastman v. Eastman, 75 Texas, 473; Camp v. Camp, 18 Texas, 528; Moore v. Moore, 27 Texas, 237.

We are of opinion that the trial court should have refused to grant the divorce. The judgment of the court below is reversed, and a decree will be here rendered refusing the divorce.

*Reversed and rendered.*

Delivered September 28, 1895.