### WRIGHT v. WRIGHT.

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1912.)

1. DIVORCE (§ 149*) — ACTIONS — CONSTRUCTION OF FINDINGS—ABANDONMENT.

In a divorce action, the court submitted a special interrogatory as to whether plaintiff, the wife, consented to abandonment by the husband, and stated that if the jury answered it in the affirmative they should state whether she so consented because she desired him to leave without provocation on his part, or because his treatment had made further living with him insupportable, and the answer was: "We find that she consented because his treatment of her convinced her he intended leaving her." Held, that the finding, which was not

responsive, did not show that the wife's consent was legally authorized on account of the husband's misconduct.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 149.*]

2. DIVORCE (§ 40*) — ABANDONMENT — CONSENT.

The conduct of the offending spouse may be such that the other will be justified in not objecting to a separation; and only a voluntary consent, amounting to collusion at law to accomplish the mutual desire of the parties for a separation, will prevent the separation from becoming a legal abandonment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 161; Dec. Dig. § 40.*]

3. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR — PROPOSITIONS — RELEVANCY.

A proposition that the judgment was not supported by the evidence is not germane to an assignment complaining of error in a paragraph of the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Anna Allen Wright against George Wright. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

S. H. Brashear, for plaintiff in error. E. P. & Otis K. Hamblen, for defendant in error.

HIGGINS, J. Defendant in error brought suit for divorce against plaintiff in error, alleging (a) that the defendant had been guilty of excesses, cruel treatment, and outrages towards her of such a nature as to render their living together insupportable; (b) that he had left her for three years, with intention of permanent abandonment.

The cause was submitted on special issues. The jury found that the defendant had not been guilty of excesses, cruel treatment, and outrages of such a nature as to render their living together insupportable. Upon the issue of abandonment, the court submitted two issues, as follows: First. "Do you or do you not find the allegations of plaintiff's petition to be true that the defendant left her with the intention of permanent abandonment, as that term has been hereinbefore defined?" To this question the jury answered: "We find the allegations to be true." Second. "Do you, or do you not, find that Mrs. Wright consented for her husband to leave her? And if you answer this question in the affirmative, you will then answer whether she so consented because she desired him to leave without provocation on his part, or whether she consented because his treatment had been such as to render her further living with him insupportable." To this question the jury answered: "We find that she consented because his treatment of her convinced her he intended leaving her." Defendant moved the court to enter judgment in his favor upon the finding of the jury upon such special is-

sues, which motion was by the court overruled, and judgment entered for plaintiff, and the correctness of this action is here challenged.

In McGowen v. McGowen, 52 Tex. 657, the court said: "To constitute such voluntary separation with intention of abandonment which would authorize a divorce under the statute, the plaintiff should have neither caused, procured, nor consented to the separation. It should not have been a separation by mutual consent, but should have been a separation with intent of abandonment, under circumstances which would have amounted to a voluntary desertion upon the part of the defendant, without the fault, procurement, or consent of plaintiff, and should have been continued for the length of time required by the statute."

[1, 2] We think, under the rule laid down in this case and in other decisions of our courts, the trial court was not warranted in entering judgment for the plaintiff, because it clearly appears from the finding upon the special issues submitted in the second question that she consented to the separation. The consent of the party seeking a divorce upon the ground of abandonment to the separation will not necessarily preclude such party from obtaining a divorce upon the ground of abandonment. The conduct of the offending spouse may have been of such character that the injured party may be justified in not regretting or objecting to the abandonment, although the conduct may not have been of such character as would authorize a divorce for cruel treatment, excesses, and outrages. It is voluntary consent to the separation, constituting collusion, in law, for the mutual purpose of accomplishing the mutually desired divorce, that prevents the separation from becoming such legal abandonment as would authorize a divorce. Camp v. Camp, 18 Tex. 528; Grover v. Grover, 63 N. J. Eq. 771, 50 Atl. 1051. It will be noted that the finding of the jury to the second question quoted is not responsive to the issue submitted, and, in effect, is a finding that it was a mutual separation. In other words, she knew he intended to leave her, and she was willing for him to leave her; and that this consent was not based upon his treatment of her, but because from his treatment she knew he intended to leave her. Certainly this finding does not clearly indicate that her consent was based upon such facts as would legally authorize her to consent to the separation, without precluding herself from prosecuting a suit for divorce based upon abandonment. Plaintiff in error urges that this court, upon this finding, should reverse and render the cause in his favor; but, in view of the fact that it is not responsive to the question submitted upon the issue of why the wife consented, and is not clear upon that issue, we

think that the cause should be reversed and remanded for the reasons above indicated, rather than reversed and rendered.

[3] The first assignment of error is submitted in such a manner that we cannot review the same, because the proposition submitted in support thereof is in no wise germane to the assignment. The assignment complains of a paragraph of the court's charge, while the proposition is predicated upon the theory that the judgment is not supported by the testimony.

The sixth assignment of error is overruled. Under the testimony, we hold that the jury would have been warranted in finding that defendant left the plaintiff with the intention of permanently abandoning her. The questions presented by some of the other assignments will not arise upon a new trial, and what has been said disposes of all the remaining ones.

Reversed and remanded.