## BAIN v. BAIN. (No. 964.)

(Court of Civil Appeals of Texas. Beaumont. May 8, 1923.)

**1. Divorce ⬧37(7)—"Voluntary separation" as abandonment by wife must be without consent or fault of husband.**

Under Rev. St. art. 4631, providing that a husband shall be entitled to divorce when it is shown that his wife has voluntarily left his bed and board for a space of three years with the intention of abandonment, it must be shown that the voluntary separation contemplated by the statute was neither caused, procured, nor consented to by the husband.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Voluntary Separation.]

**2. Divorce ⬧133(3)—Testimony of plaintiff husband's conduct held not to show wife's abandonment.**

In a husband's action for divorce, evidence that the husband did not want his wife to live with him, that he made declarations that he would rather go to the penitentiary than live with her, and that her living apart was most agreeable to him, *held* to sufficiently show that there was no abandonment by the wife as contemplated by Rev. St. art. 4631, even though testimony in her behalf that plaintiff kept her away from him by keeping her locked out of his house should be disregarded.

**3. Divorce ⬧133(3)—Evidence held not to show outrageous conduct of wife justifying husband in agreeing to separation and thereafter claiming abandonment.**

In a husband's suit for divorce, evidence *held* to show no conduct on the part of the wife that would in any way justify the husband in agreeing to a separation, and thereafter claiming that his wife had abandoned him.

**4. Divorce ⬧27(18)—Petty marital disagreements not evidence of wife's ill treatment of husband.**

Under Rev. St. art. 4631, subd. 1, providing that excesses, cruel treatment, or outrages, if of such nature as to render the living together of husband and wife insupportable, shall be ground for divorce, evidence in a husband's suit for divorce that plaintiff sometimes had to do the cooking and washing, that she was mean, and that she insisted that he enter the house by the back door, and other testimony in regard to similar petty disagreements, *held* wholly insufficient to show any such ill treatment contemplated by the statute as rendering their living together insupportable.

Appeal from District Court, Henderson County; W. R. Bishop, Judge.

Suit for divorce by Jim Bain against M. A. J. Bain. Decree for plaintiff, and defendant appeals. Reversed and remanded.

Miller & Miller, of Athens, for appellant.
W. D. Justice, of Athens, for appellee.

HIGHTOWER, C. J. The appellee, Jim Bain, sued his wife, the appellant, for divorce, in the district court of Henderson county, alleging as his grounds three years' abandonment, and, generally, that she was guilty of such treatment and conduct as rendered their further living together insupportable. The appellant answered by general demurrer and general denial. Judgment was in favor of the husband for divorce, and the wife has appealed, claiming that the evidence adduced upon the trial was wholly insufficient to warrant the decree.

[1, 2] We shall first dispose of the claim of abandonment. The parties were married in July, 1916. Jim testified that the separation took place on May 10, 1918, and that he had not lived with his wife since that date. He testified that when he came home one evening he found that his wife had moved his "things" out of her house and put them in his house, and that she told him that he "would better get on over there, too." The evidence shows that Jim owned a place about one-half mile from his wife's place, where they were living at the time this occurred. Jim said that he went right on over to his place, and never lived with his wife again, and that he would go to the penitentiary before he would do so any more. This was all denied by Jim's wife, whose testimony shows that she continued to live with Jim whenever he would let her, but that most of the time Jim kept the house locked so that she could not get in, and on this point the wife was materially corroborated by others. But, even without such corroboration, the evidence was wholly insufficient to show three years' abandonment. Jim's own testimony did not raise the issue. His testimony shows, clearly, that he did not want his wife to live with him, and that he would rather go to the penitentiary than to live with her. Therefore, even if he had not kept her away from him by keeping her locked out, her living apart was not only with his consent, but was also to his delight, and he would not have had it otherwise. Clearly this did not constitute abandonment on the part of the wife in contemplation of article 4631, Revised Statutes. This statute provides that a husband shall be entitled to a divorce when it is shown that his wife has voluntarily left his bed and board for a space of three years, with the intention of abandonment. In construing this statute our Supreme Court many years ago held that, in order to constitute the voluntary separation, with the intention of abandonment, which the statute contemplates, it must be proved that the plaintiff neither caused, procured, nor consented to the separation. McGowen v. McGowen, 52 Tex. 658; Hannig v. Hannig (Tex. Civ. App.) 24 S. W. 696.

[3] We are not unmindful, however, that

it has been held in this state (and we agree with the holding) that the conduct of an offending spouse may be of such outrageous nature that the other would be justified in not objecting to a separation. Wright v. Wright (Tex. Civ. App.) 143 S. W. 720. But there is nothing in this record showing that the appellant was guilty of conduct of such character as would justify the appellee in agreeing to the separation and still justify his claim of abandonment. We think the issue was not even raised.

[4] The statute also provides that where either husband or wife is guilty of excesses, cruel treatment, or outrages towards the other, if such ill treatment is of such nature as to render their living together insupportable, a divorce shall be granted to the outraged spouse. R. S. art. 4631, subd. 1. The evidence in favor of appellee on this phase of the case was, in substance, as follows: He testified that he sometimes had to do the cooking and washing, and this was not to his liking. He did not say what the condition of his wife was on such occasions; that is, whether she was able to do such work or not at such times. And he further testified that she was "mean," but never stated what he meant by that statement. He did say that when he came home one evening his wife objected to his coming in the front door, and insisted that he should come in at the back door, but never explained why this was, or that his wife was not justified in insisting on his coming in at the back door. He further stated that he and his wife disagreed about some of her stock (cattle) that she owned, but he never explained the reason for this, nor did he go into detail at all. This is substantially all of appellee's own testimony. His only other witness on the issue of cruel treatment was Mack Davis. This witness testified, substantially, that "no man could get along" with appellant, but he never testified to a single abusive word that he ever heard appellant speak to appellee, nor did he mention a single act on her part toward appellee that could be considered in the least improper.

So we have concluded that the evidence on behalf of appellee was wholly insufficient to warrant the judgment in this case, without noticing the evidence introduced in behalf of appellant. We have shown that there was no abandonment, and the evidence on the issue of insupportable conduct falls far short of the required proof, according to the rule in such cases established by the Supreme Court of this state. Scott v. Scott, 61 Tex. 119; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; Camp v. Camp, 18 Tex. 528; Moore v. Moore, 22 Tex. 237; Burney v. Burney, 11 Tex. Civ. App. 174, 32 S. W. 328.

The judgment must be reversed; and,

while we might render judgment denying appellee a divorce on the proof as made, still it may be that upon another trial the appellee will be able to strengthen his case by more definite and probative evidence and we therefore remand the cause.

Reversed and remanded.