### KIMLER v. KIMLER.
### No. 3702.

Court of Civil Appeals of Texas. El Paso.
June 30, 1938.

H. A. Van Tassel, of El Paso, for appellant.

Coffey & Coffey, of Tulsa, Okl., for appellee.

WALTHALL, Justice.

On the 3rd day of July, 1937, appellant filed this suit in the Sixty-Fifth District Court of this State, in which he sought to have a decree of divorce granted him against appellee on the ground of abandonment.

The case was tried to the court without a jury and divorce refused.

The trial court heard the evidence and made and filed the following findings of fact and conclusions of law:

"1. That plaintiff has resided in El Paso County and the State of Texas for more than five years.

"2. That plaintiff and defendant were married the second time in 1905.

"3. That during their first marriage, which occurred in 1900, there was one child born, named Brown; and in the subsequent marriage there were two children born, a boy and a girl, named Harry and Ruth; Ruth attended the trial with defendant.

"4. That the defendant has resided in Sand Springs, Oklahoma, for the last nineteen years, and has a home there, on which there was a mortgage of $790.00 and the home was worth probably $1500.00.

"5. That the defendant has maintained the family almost entirely by teaching school and taking roomers and striving in different ways to do so.

"6. That plaintiff has wandered considerably during their marriage, one time in South America for two years, another time at the Panama Canal for about a year, and at various parts of the United States, and that he has absented himself from his wife's side and their home for more than half the time of their marriage.

"7. That he contributed to the upkeep of the family and the expense of buying a home approximately $2,000.00, spread over a period of thirty-three years.

"8. That the plaintiff is a man sixty-two years old and is a carpenter by trade, but, on account of his age and the condi-

tion of asthma, is unable to follow his occupation.

"9. That he has a pension from the United States Government, on account of being a veteran of the Spanish-American War, which amounts to $60.00 a month at present and the defendant is seeking to have half of that pension allowed to her, and that is the real basis of the controversy.

"10. That plaintiff on several occasions asked defendant to come and live with him in El Paso, but she never did so, although she never refused to do so and the plaintiff never sent her the means of coming.

"11. Plaintiff has had a single room in a rooming house in El Paso and·has had no work since he has been here during the last five years he has been here.

"12. That the· defendant was justified in not giving up her home and her security in Sand Springs and hazarding a life with plaintiff in El Paso.

"13. That defendant is sixty-four years old and unable to work and should not be cast off in her old agè after raising three children, practically entirely from the support she could get out of her part of the pension allowed plaintiff by the United States Government.

"Conclusions of Law.

"1. That, under the circumstances of this case, the separation between plaintiff and defendant does not constitute an abandonment on the part of defendant of the plaintiff.

"2. That the conduct of the defendant did not constitute such cruel treatment as would entitle plaintiff to a divorce.

"3. That the divorce prayed for by plaintiff should be denied."

As stated above, the trial court found and so stated that the evidence does not show abandonment. The court, on his findings of fact and conclusions of law, denied the divorce and so rendered judgment.

Both parties have filed helpful briefs reviewing the evidence and citing many authorities.

We have carefully reviewed the· evidence. It is too extensive to quote in the space of an opinion.

We have concluded that the evidence is sufficient to justify and sustain the findings of fact made by the trial court and the judgment rendered thereon. The case is accordingly affirmed.

Affirmed.