**Willie Joyce MILLER, Appellant,**

v.

**Allen MILLER, Jr., Appellee.**

**No. 13227.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 2, 1957.

Rehearing Denied Oct. 30. 1957.

Kelly, Hunt & Cullen, Victoria, for appellant.

Oliver W. Johnson, San Antonio, for appellee.

BARROW, Justice.

This appeal is from a judgment granting appellee a divorce, upon a trial to the court without a jury. Appellant predicates the appeal upon three points, first, that appellee failed to prove the mandatory domicile and residence qualifications required by

law, and second and third, that appellee failed to establish, by full and satisfactory evidence, the allegation either of adultery or abandonment, the grounds upon which the divorce was sought.

Neither party personally appeared in court, both parties being in the State of California. The appellee testified by deposition taken upon written interrogatories. The appellant did not testify, although she contested the case.

The evidence shows that on December 16, 1951, appellee was inducted into the armed forces of the United States; that at the time he entered the armed forces he resided in Victoria County, Texas; that he is still in the armed forces and has not acquired another permanent residence. His removal from Victoria County, Texas, being involuntary as a member of the armed forces, he retains his residence and domicile as it existed at the time he entered the service. Klingler v. Klingler, Tex.Civ. App., 254 S.W.2d 817, and cases cited; 15 Tex.Jur. p. 716. Hence we hold that the suit can be maintained by appellee in Victoria County, Texas. Appellant's first point is overruled.

We now determine whether appellee has proved the grounds for divorce by the character of evidence required by statute. Appellee testified that right after his marriage to appellant, which occurred on May 16, 1952, he informed her that his unit would be in maneuvers, training for combat, for twenty-one days, after which they would be processed for over-seas duty. Appellant then stated that she could not wait for his return from over-seas, and for him to forget her. He further testified that about two weeks later she came to the base where he was stationed, that a man came with her, and that this man was embracing her while she was talking to appellee. That he sailed for over-seas on June 17, 1952, and on February 15, 1954, after his return to the States, he saw his wife, but had not lived with her, and said,

"Nor have either of us made any efforts to go back together." Upon being asked by his counsel to state his reasons for remaining away from her, he answered, "I have lost all of my love I once had for her because of the manner she mistreated me, her refusing to wait for me until I came back from over-seas, and because I know she was and has been unfaithful to me up to the present time. Another reason why I have remained away and separated from my wife is that while I was over-seas I was wounded and I was placed on a limited duty, and the military doctors told me to avoid all kinds of worries, over-indulgences or everything, because I might suffer a fatal brain hemorrhage. No, sir, I don't think we could ever live together as man and wife after the things she has done and said."

We believe the evidence is insufficient to warrant a divorce on either the ground of adultery or abandonment. Adultery may be proved by direct or circumstantial evidence, but is not proved by mere suggestion and innuendo. The act must be proved by clear and positive evidence. Webster v. Webster, Tex.Civ.App., 140 S. W.2d 605; McCrary v. McCrary, Tex.Civ. App., 230 S.W. 187. Considering the alleged abandonment, we think the evidence affirmatively shows that after the termination of the separation brought about by appellee's service abroad, the continued separation was by mutual consent, or at least in accord with appellee's wishes. Such separation does not constitute abandonment as contemplated by Article 4629, Vernon's Tex.Civ.Stats. Kimler v. Kimler, Tex.Civ.App., 118 S.W.2d 912; Bain v. Bain, Tex.Civ.App., 252 S.W. 252.

It is obvious that appellee has not proved either of the alleged grounds for divorce, by full and satisfactory evidence, as required by law in such cases, therefore, the judgment of the trial court is reversed and here rendered denying the divorce sought.