**John H. GRAYSON, Appellant,**

v.

**Dorothy H. GRAYSON, Appellee.**

No. 04–02–00439–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 2003.

560 

Bernard "Ben" Buecker, Law Office of Bernard Ben Buecker, San Antonio, for Appellant.

Robert L. Graul, Jr., John Michael Doyle, San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is a restricted appeal from a divorce decree. Because all issues of law are settled, our opinion only advises the parties of the court's decision and the basic reasons for it. See TEX.R. APP. 47.4. Finding no error on the face of the record, we affirm.

## STANDARD OF REVIEW

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. TEX.R.APP. P. 26.1(c); TEX.R.APP. P. 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). A restricted appeal affords an appellant a review of the entire case; the same scope of review as in an ordinary appeal. *Norman Communications,* 955 S.W.2d at 270. The only restriction on the scope of restricted appeal review is that the error must appear on the face of the record. *Id.*

There is no dispute that appellant met the first three requirements; therefore, the only issue on appeal is whether error is apparent from the face of the record. The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the statement of facts. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991). It necessarily follows that review of the entire case includes review of legal and factual insufficiency claims. *See Flores v. Brimex L.P.,* 5 S.W.3d 816, 819 (Tex.App.-San Antonio 1999, no pet.).

Appellant asserts the evidence is insufficient to support the trial court's division of the parties' assets and liabilities, the amount of child support,.the requirement that he maintain a life insurance policy for the children's benefit, and the requirement that he purchase airline tickets when the children visit him. However, in family law cases issues such as property division, conservatorship, visitation, or child support are evaluated against an abuse of discretion standard. *Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.-El Paso 1998, no pet.); *see also Schlueter v. Schlueter,* 975 S.W.2d 584, 589 (Tex.1998) (trial court is afforded wide discretion in dividing the marital estate); *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (order regarding child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion). Therefore, although appellant challenges the sufficiency of the evidence to support the divorce decree, he must show that the evidence, or lack thereof, caused the court to act without reference to any guiding rules or principles or to act arbitrarily or unreasonably. *Lindsey,* 965 S.W.2d at 592–93.

## DIVISION OF ASSETS AND LIABILITIES

■ The trial court heard the following testimony from appellee regarding the parties' assets:

Q. Now, do you own a home?

A. Yes, sir.

Q. And you'd like to have that; is that correct?

A. Yes. I purchased this when I came back overseas, so he really had nothing to do with the purchase.

Q. Is there any other particular item of property that you'd like to have mentioned to the Judge?

A. Well, I have a van that I'm paying for. He has three cars that—or ones associated with that [sic] he needs to assume that liability for.

Q. Okay. So you want him to have the automobiles and the loans attached to those and you'll take your car and any other obligation to that?

The trial court also heard the following testimony from appellee regarding the parties' liabilities:

Q. Is there anything else that you might want to mention?

A. Well, I have the credit card debt and stuff like that that I feel I have built up due to lack of any support since probably January 2000, but I'll go from May or June of 2000. So I'd like him to assume some kind of liability for that, if I could.

Q. Do you have any particular—would you like the Court to assume one-half liability for each of you on the—on the obligations?

. . .

Q. One-half on all credit card debt from those dates that you suggested?

A. —it would be helpful.

■ In a divorce proceeding, the community property need not be equally apportioned between the parties. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex.1981). Instead, a trial court is required to order a division of the parties' estate in a manner it deems just and right. *See* TEX. FAM. CODE ANN. § 7.001 (Vernon 1998); *Hill v. Hill*, 971 S.W.2d 153, 155 (Tex.App.-Amarillo 1998, no pet.). The trial court had before it evidence of the parties' assets and liabilities. Thus, the face of the record does not reveal that the trial court abused its discretion in making a just and right division of the parties' community estate.

## CHILD SUPPORT

■ The trial court ordered appellant to pay child support in the amount of $827.84 per month. Although the amount of appellant's salary and benefits was not introduced into evidence, appellee testified that appellant's rate of pay as an Army civilian was a GS–11. Appellee's counsel asked the court, "if we get that information . . . may we set the child support at the level based upon his rate of pay . . . based on the guidelines?" The court agreed.

The child-support guidelines create a rebuttable presumption that an order entered pursuant to the guidelines is correct and is in the best interest of the child. TEX. FAM.CODE ANN. § 154.122(a) (Vernon 2002). On appeal, appellant does not assert that his obligation to pay $827.84 per month does not conform to the guidelines set forth in the Texas Family Code. Accordingly, the face of the record does not reveal that the trial court abused its discretion in setting appellant's child support obligation at $827.84 per month.

## LIFE INSURANCE AND COST OF AIRFARE

■ In appellee's petition for divorce, she asked the court to "make orders for conservatorship and support of the children." The trial court ordered appellant

to maintain a $250,000 life insurance policy, for the children's benefit, as long as child support is payable under the decree. The court also required appellant to pay all costs for his children associated with air travel between his home and appellee's home.

 A trial court has the authority to order that child support payments continue after the obligee's death. *See* TEX. FAM.CODE ANN. § 154.006(a) ("Unless otherwise agreed to in writing or expressly provided in the order ... the child support order terminates on the ... death of ... a parent ordered to pay child support"); *cf. De La Garza v. Salazar*, 851 S.W.2d 380, 382 (Tex.App.-San Antonio 1993, no writ); *Fanning v. Fanning*, 828 S.W.2d 135, 151 (Tex.App.-Waco 1992), *aff'd in part, rev'd in part on other grounds*, 847 S.W.2d 225 (Tex.1993) *Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 428 (Tex.App.-Austin 1976), *aff'd*, 554 S.W.2d 137 (Tex.1977). Therefore, the trial court had the authority to order appellant to maintain a life insurance policy for the children's benefit for so long as his child support obligation remained in effect.[2] Similarly, the trial court had the authority to require appellant to pay the cost of airline tickets and airline escort fees for the children. TEX. FAM.CODE § 153.257 (court shall "specify the duties of the conservators to provide transportation to and from transportation facilities."). Accordingly, the face of the record does not reveal that the trial court abused its discretion.

### ATTORNEY'S FEES AND COSTS OF APPEAL

Appellee contends this appeal is frivolous and she requests sanctions against appellee in the form of attorney's fees and costs. We do not agree that the appeal is frivolous, and accordingly, deny the request for sanctions. The appellee is entitled to the appellate costs she incurred in this appeal. TEX.R.APP. P. 43.4.

### CONCLUSION

Our review of the record reveals no error that is apparent from the face of the record; therefore, we affirm the trial court's judgment.

---

**2.** Appellee relies on Family Code section 151.013(a), which provides that a child support obligation does not end upon the obligor's death. TEX. FAM.CODE ANN. § 154.013(a). However, section 151.013 was added to the Family Code effective September 1, 2001, and applies only to cases commenced on or after that date. Here, the parties filed for divorce in February 2001.