

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00407-CV

Jacek **DZIERWA**,
Appellant

v.

Veronica **CERDA**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-18975
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 6, 2014

REVERSED AND REMANDED; MOTION TO DISMISS DENIED

Jacek Dzierwa appeals the trial court's divorce decree. Because the trial court abused its discretion by granting a divorce on the ground of adultery, we reverse the decree of divorce and remand the case for a new trial.

### BACKGROUND

Dzierwa and Veronica Cerda were married in 1998 and are the parents of two minor children. Cerda petitioned for divorce in November 2012, and Dzierwa filed a general denial. In January 2013, Dzierwa left the United States for his native country of Poland. On the date the

divorce was set for trial, Dzierwa attempted to appear by telephonic conference, but his request was denied by the trial court. After the hearing, the court rendered its decree of divorce. Dzierwa filed a motion for new trial, which was denied. He then perfected this appeal.

## CERDA'S MOTION TO DISMISS

Cerda has filed a motion to dismiss this appeal on two theories: 1) Dzierwa has accepted the benefits of the trial court's divorce decree, and 2) dismissal is warranted because Dzierwa has violated the terms of the decree.

### A. Acceptance of the Benefits

A party who accepts the benefits of a judgment is estopped to challenge the judgment on appeal. *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950); *Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The doctrine arises frequently in divorce cases in which one spouse accepts certain assets awarded by the judgment and then seeks to appeal the remainder of the judgment. *Gathe*, 376 S.W.3d at 313. Cerda bears the burden to prove that Dzierwa has accepted the benefits of the divorce decree. *See id.*

Cerda contends that Dzierwa accepted the benefits of the decree by "taking his share of monies from financial accounts awarded to him." The evidence submitted by Cerda in support of her motion shows that, before the trial court rendered the divorce decree, Dzierwa had withdrawn funds from accounts that would eventually be subject to a fifty-fifty split under the decree. Because Dzierwa withdrew the monies from those accounts prior to the rendition of the decree, he cannot be considered to have accepted the benefits of the decree. *See id.* at 316 ("If [appellant] mortgaged her cars prior to the February 7, 2011 decree, then there was no final judgment from which [appellant] could accept benefits."). Cerda also contends that the accounts into which Dzierwa deposited the withdrawn funds were also subject to a fifty-fifty split under the decree and that Dzierwa has not allowed her access to them. However, she has not shown either that these accounts

had balances at the time the divorce was rendered or that Dzierwa has used any funds from those accounts since that date. Thus, Cerda has not met her burden to show Dzierwa is estopped from contesting the divorce decree.

### B. Noncompliance with the Divorce Decree

Cerda also contends we should dismiss Dzierwa's appeal because he has not complied with the divorce decree. She offered evidence that Dzierwa has not paid the full amount of child support or any amount of the school tuition, spousal maintenance, or his children's medical insurance premiums. He has also not notified Cerda of his current residence, mailing address, or telephone number.

Cerda cites Texas Rule of Appellate Procedure 42.3 ("Involuntary Dismissal in Civil Cases") as authority for the proposition that this court may dismiss Dzierwa's appeal for noncompliance with the divorce decree. The rule permits this court to dismiss an appeal (a) for want of jurisdiction; (b) for want of prosecution; or (c) because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3. In interpreting a similar rule under the earlier rules of appellate procedure, the Supreme Court held that the authority of a court of appeals to dismiss a case for noncompliance with an "order of the court," when placed in context, only authorized dismissals for failure to comply with an order of the court of appeals, not of the trial court.[1] *O'Connor v. Sam Houston Med. Hosp., Inc.*, 807 S.W.2d 574, 576 (Tex. 1991) (per

---

[1] The Court in *O'Connor* was interpreting what was then Rule 60 of the Texas Rules of Appellate Procedure ("Involuntary Dismissal"). As relevant to civil appeals, the rule stated:

> (1) If an appeal or writ of error is subject to dismissal for want of jurisdiction or for failure of appellant to comply with any requirements of these rules or any order of the court, the appellee may file a motion for dismissal or for affirmance and judgment for costs on the appeal bond or for the cash deposit. If the ground of the motion is failure to file the transcript, the motion shall be supported by certified

curiam). The reasoning of *O'Connor* is equally applicable to Rule 42.3. Nevertheless, two of our sister courts of appeal have held that an appellate court has the authority under this rule to dismiss an appeal when the appellant has repeatedly failed to comply with the trial court's post-judgment discovery orders and failed to pay the associated sanctions. *See Byrnes v. Ketterman*, No. 08-12-00224-CV, 2013 WL 173010 (Tex. App.—El Paso Jan. 16, 2013, no pet.); *Ark of Safety Christian Church, Inc. v. Church Loans & Inv. Trust*, 279 S.W.3d 775 (Tex. App.—Amarillo 2007, no pet.). These cases do not cite *O'Connor* or take its analysis into account. Because *O'Connor* forecloses an interpretation of Rule 42.3 that would permit this court to dismiss an appeal for an appellant's noncompliance with a trial court's order, we decline to follow *Byrnes* and *Ark of Safety*. *Cf. Roosth v. Roosth*, 889 S.W.2d 445, 450 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (declining to dismiss an appeal for appellant's failure to pay child support in accordance with divorce decree while case was on appeal).

### DZIERWA'S APPEAL

Dzierwa raises six issues on appeal. He contends the trial court abused its discretion because there was legally or factually insufficient evidence to support 1) its division of the community estate; 2) its award of spousal maintenance to Cerda; 3) its deviation from the standard possession and access order; 4) its order that Dzierwa pay child support in excess of the Family Code's guidelines; 5) its award of attorney's fees to Cerda; and 6) the granting of the divorce on the basis that Dzierwa committed adultery.

---

or sworn copies of the judgment and the appeal bond or other document perfecting or attempting to perfect the appeal or writ of error.

(2) If it appears to the appellate court that an appeal or writ of error is subject to dismissal for want of jurisdiction or for failure to comply with any requirements of these rules or any order of the court, the court may, on its own motion, give notice to all parties that the case will be dismissed unless the appellant or any party desiring to continue the appeal or writ of error, files with the court within ten days a response showing grounds for continuing the appeal or writ of error.

### A. Standard of Review

Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.); *Grayson v. Grayson*, 103 S.W.3d 559, 561 (Tex. App.—San Antonio 2003, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

Under the abuse of discretion standard, "legal and factual insufficiency are not independent grounds of reversible error; instead they constitute factors relevant to our assessment of whether the trial court abused its discretion." *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). Therefore, in considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: 1) did the trial court have sufficient evidence upon which to exercise its discretion, and 2) did the trial court err in its application of that discretion? *Id.*; *see*, *e.g.*, *Grayson*, 103 S.W.3d at 561 ("[A]lthough appellant challenges the sufficiency of the evidence to support the divorce decree, he must show that the evidence, or lack thereof, caused the court to act without reference to any guiding rules or principles or to act arbitrarily or unreasonably.").

### B. Adultery

In his sixth issue, Dzierwa contends the trial court abused its discretion in granting the divorce on the ground of adultery because there was legally or factually insufficient evidence that he had committed adultery. In her petition for divorce, Cerda pled two grounds for the dissolution of her marriage: 1) the marriage had become insupportable and 2) Dzierwa had committed adultery. The trial court dissolved the marriage solely on the ground of adultery, impliedly finding that Dzierwa had committed adultery.

"The court may grant a divorce in favor of one spouse if the other spouse has committed adultery." TEX. FAM. CODE ANN. § 6.003 (West 2006). "'Adultery' means voluntary sexual intercourse of a married person with one not the spouse." *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.). "Adultery may be proved by direct or circumstantial evidence, but is not proved by mere suggestion and innuendo." *Miller v. Miller*, 306 S.W.2d 175, 176 (Tex. Civ. App.—San Antonio 1957, no writ); *see also In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). "[C]lear and positive proof is necessary." *Ayala v. Ayala*, 387 S.W.3d 721, 733 (Tex. App.—Houston [1st Dist.] 2011, no pet).

At trial, Cerda briefly testified about why she sought a divorce on the ground of adultery. She testified that she "kn[e]w that he was seeing another women" and that she "believe[d] he was having an affair with that woman." She testified that she had proof of Dzierwa's adultery in some of his emails. No emails were introduced into evidence, nor did Cerda testify about the contents of those emails.

Cerda's testimony does not rise above the level of mere suggestion or innuendo that Dzierwa committed adultery. Cerda's testimony that Dzierwa was "seeing" another woman is not substantive or probative evidence of actual sexual intercourse with another woman. *See In re S.A.A.*, 279 S.W.3d at 856 (holding wife's testimony that husband was "seeing" another unidentified woman was "conjecture" and not substantive or probative evidence of adultery). Nor is Cerda's "belief" that Dzierwa was "having an affair" probative evidence of adultery. *See Miller*, 306 S.W.2d at 176 (holding husband's testimony that, while he was deployed, his wife visited him with another man whom she embraced and that he had lost his love for her because she was unfaithful to him was not evidence of adultery). Furthermore, although Cerda testified that her belief was based on Dzierwa's emails to another woman, those emails were not introduced into evidence, and Cerda did not testify that those emails showed that Dzierwa had had sexual

intercourse with another woman. Because there is legally insufficient evidence that Dzierwa had sexual intercourse with another woman, i.e., committed adultery, the trial court abused its discretion in granting the divorce on that ground. *See In re S.A.A.*, 279 S.W.3d at 856; *Miller, 306 S.W.2d at 176*; *see also Aguilera v. Aguilera*, No. 04–13–00034–CV, 2014 WL 1614282, at \*7 (Tex. App.—San Antonio Apr. 23, 2014, pet. filed) (mem. op.) (holding there was not clear and positive proof of adultery where husband accused wife of having an extra-marital affair and wife denied allegation). We sustain Dzierwa's sixth issue.

Divorces may be rendered only on statutory grounds. *Cusack v. Cusack*, 491 S.W.2d 714, 717 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd); *see In re Marriage of Richards*, 991 S.W.2d 32, 37–38 (Tex. App.—Amarillo 1999, pet. dism'd) ("[W]hile the adoption of 'no-fault' divorce dispenses with any burden to establish the source of the conflict rendering the marriage insupportable, it does not relieve the petitioner of the burden to establish the existence of the statutory elements."). Because the trial court granted the divorce only on the ground of adultery, we must reverse the judgment of divorce.[2] *See Gathe*, 376 S.W.3d at 318 (reversing a divorce decree and remanding the cause to the trial court because there was legally insufficient evidence of insupportability). Because the remainder of the trial court's decree is dependent on the existence of a divorce on a valid statutory ground, we reverse the entire decree of divorce and need not address Dzierwa's other issues. In the interest of justice and because Dzierwa prayed only for remand, we do not render judgment, but remand the cause to the trial court for a new trial. *See* TEX. R. APP. P. 43.3(b); *Gathe*, 376 S.W.3d at 318; *see also In re J.E.H.*, 384 S.W.3d 864, 872 (Tex. App.—San Antonio 2012, no pet.).

---

[2] Although Cerda's divorce petition included an alternative pleading that the marriage was insupportable, *see* TEX. FAM. CODE ANN. § 6.001 (West 2006), she did not present evidence in support of that ground, the trial court did not find that ground as a basis for the divorce, and Cerda has not requested on appeal that the decree be upheld on that ground.

## CONCLUSION

We deny Cerda's motion to dismiss. We reverse the trial court's decree of divorce and remand this cause for a new trial.

Luz Elena D. Chapa, Justice