279 S.W.3d 853 (2009)
In the Interest of S.A.A. and J.D.A., Children.
No. 05-08-00562-CV.
Court of Appeals of Texas, Dallas.
February 25, 2009.
*855 Brigida Rodriguez, Rodriguez White PLLC, Dallas, TX, for Appellant.
Edwin Nnabugwu Nwokocha, Dallas, TX, for Appellee.
Before Justices RICHTER, LANG, and MURPHY.

OPINION
Opinion by Justice MURPHY.
This appeal is from a divorce decree. In three points of error, appellant Sergio Benavides Adame contends the trial court abused its discretion by ordering the marriage dissolved on the unpled ground of mutual adultery and by allocating the entire marital tax debt to Adame. For reasons that follow, we sustain Adame's first point of error and reform the judgment to delete the finding of mutual adultery. Otherwise, we affirm the trial court's judgment as modified.

BACKGROUND
In her original petition for divorce from Adame, appellee Ruth Mata claimed the parties had ceased to leave together as husband and wife in July 2005 and that the marriage was insupportable because of discord or conflict. The petition named two minor children born of the marriage. Mata obtained a default judgment against Adame, but the divorce decree was vacated pursuant to an agreed motion for new trial which cited as grounds Mata's pregnancy at the time of divorce. Adame filed a counter-petition alleging two grounds for divorce of insupportability due to discord or conflict, and adultery. After a bench trial and the trial judge's oral pronouncement of divorce, the parties could not agree on the language for the final decree. Adame moved for entry of a final divorce decree and, at the time Adame's motion was presented, the trial court sua sponte added a finding of "mutual" adultery. Adame objected and this appeal followed.

STANDARD OF REVIEW
We review points of error one and three for an abuse of discretion. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985). An abuse of discretion occurs if the trial court clearly failed to analyze and determine the law correctly, or applied the law incorrectly to the facts. See Cayton v. Moore, 224 S.W.3d 440, 445 (Tex.App.-Dallas 2007, no pet.). Under an abuse of discretion standard, legal and factual insufficiency issues are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. See Garner v. Garner, 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.). We review the evidence in the light most favorable to the order and *856 indulge every presumption in favor of the trial court's ruling. Id. If some probative and substantive evidence supports the order, there is no abuse of discretion. Id.

ANALYSIS

Trial Court's Sua Sponte Modification
In his first point of error, Adame contends the trial court abused its discretion by ordering the marriage dissolved on the ground of mutual adultery, when Mata had not pled adultery. A trial court's judgment shall conform to the pleadings. See Tex.R. Civ. P. 301. "A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." Ex parte Fleming, 532 S.W.2d 122, 123 (Tex.Civ.App.-Dallas 1975, no writ). Absent trial by consent, judgment on an unpled action is void. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.1979).
Trial by consent is intended only in the exceptional case where the record clearly reflects the parties' trial of an issue by consent. See In re A.B.H., 266 S.W.3d 596, 600 (Tex.App.Fort Worth 2008, no pet.). The doctrine should be applied with care and in no event in a doubtful situation. Id. The question for the court is whether the record shows evidence of "trial of the issue" as opposed to evidence of the issue. Id.
The record is clear that Mata never pled adultery. She petitioned for divorce only on the no-fault grounds of insupportability due to discord or conflict. See TEX. FAM. CODE ANN. § 6.001 (Vernon 2006). Mata did not file an appellate brief or appear for submission, and she has not argued trial by consent of an unpled adultery claim. Even if the issue had been pled or tried by consent, the record does not support a finding of mutual adultery.
"Adultery" means voluntary sexual intercourse of a married person with one not the spouse. See Bell v. Bell, 540 S.W.2d 432, 435 (Tex.Civ.App.-Houston [1st Dist.] 1976, no writ). Although adultery may be proved by direct and circumstantial evidence, clear and positive proof is necessary and mere suggestion and innuendo are insufficient. See Miller v. Miller, 306 S.W.2d 175, 176 (Tex.Civ.App.-San Antonio 1957, no writ).
The record is devoid of substantive and probative evidence supporting the trial court's finding of adultery by Adame. The only testimony Mata offered on the issue of adultery was her conjecture that Adame was "seeing" another unidentified woman. No proof was offered, and Adame denied the accusation. Adame also testified that after the first divorce was granted, and before the order was vacated, he had a "relationship" with a woman which ceased when he learned the divorce would have to be "canceled." The "relationship" could not constitute evidence of adultery because it did not occur at a time when Adame was legally married to Mata.
We cannot conclude that this is the exceptional case where the record clearly reflects the parties' trial by consent of the issue of adultery. To the contrary, Mata's counsel first erroneously claimed she had petitioned for divorce on the grounds of adultery during the hearing on Adame's motion for entry of divorce. This was two weeks after the trial court had pronounced "divorce granted again."
On this record, we conclude the trial court abused its discretion by ordering sua sponte, without pleadings or probative and substantive evidence, that the marriage was dissolved based on adultery on the part of Adame. Based on the above analysis, we sustain Adame's first point of error and order the judgment reformed to remove the trial court's insertion of "mutual" before adultery. Because of our resolution of this point in favor of Adame, we do not reach the second point of error.

*857 Division of Tax Liability
In his third point of error, Adame contests the division of tax liability. Specifically, he contends the trial court abused its discretion by ordering him to pay one hundred percent of the tax liability. A trial court is charged with dividing the estate of the parties in a just and right manner, considering the rights of both parties. TEX. FAM.CODE ANN. § 7.001 (Vernon 2006). The trial court may consider many factors, including the parties' earning capacities, education, business opportunities, physical condition, financial condition, age, size of separate estates, nature of the property, and the benefits that the spouse who did not cause the breakup of the marriage would have enjoyed had the marriage continued. Murff v. Murff, 615 S.W.2d 696, 699 (Tex.1981). The court may consider a spouse's dissipation of the community estate, as well as the spouse's misuse of community property. Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex.App.-Houston [1st Dist.] 1993, writ denied). The parties' liabilities are factors to be considered in making a just and right division of property. See Finn v. Finn, 658 S.W.2d 735, 748 (Tex.App.-Dallas 1983, writ ref'd n.r.e.). A divorce court also has authority and discretion to impose the entire tax liability of the parties on one spouse. See Benedict v. Benedict, 542 S.W.2d 692, 698 (Tex.Civ.App.-Fort Worth 1976, writ dism'd).
As part of the property division in this case, the trial court awarded Mata and Adame the motor vehicles they each possessed. At the time of separation, Mata had one vehicle and Adame had two. The only joint liability of the parties was the $7,532.90 tax debt, which Adame was ordered to pay.
At trial, Mata testified that the two children of the marriage had lived with her since separation in 2005 and that Adame had paid differing amounts of support since separation. She testified she did not work when they were together, and Adame was earning between $6,000 and $8,000 per month. Adame testified that Mata had a business in 2004 transferring vehicle registrations, and that was the last time she worked. He testified that he made about $55,000.00 in 2004, and at time of trial he made about $600 per week. He also testified that he has a partnership, and that he pays his bills from money received from partnership distributions. Mata testified that Adame handled the taxes and prepared the tax returns. The last tax return Mata filed was in 2004.
In considering whether the trial court abused its discretion in ordering Adame to bear the entire marital tax liability, the issue is not whether we might have reached a different decision. See Cayton, 224 S.W.3d at 444. The question is whether some evidence of a substantive and probative character supports the trial court's decision. See LaFrensen v. LaFrensen, 106 S.W.3d 876, 877 (Tex.App.-Dallas 2003, no pet.); In re P.J.H., 25 S.W.3d 402, 405 (Tex.App.-Fort Worth 2000, no pet.) (a trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision). On this record, we conclude in light of the resources and capacities of the parties, as well as the sole control Adame exercised over the taxes and business, the trial court did not abuse its discretion. We therefore overrule Adame's third point of error.

CONCLUSION
We modify the trial court's judgment to delete the finding of "mutual" adultery. As modified, we affirm the trial court's judgment.