IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00033-CV

 

In
the Matter of the Marriage of 

Donald
William Jordan and 

MarguErite
Ann Jordan

 

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 05-364B

 



MEMORANDUM  Opinion



 








            This is Marguerite Ann
Jordan’s second appeal from the divorce proceedings between herself and Donald
William Jordan.  In the first appeal, this Court, with Chief Justice Gray
dissenting, reversed the judgment and remanded for further proceedings because
of errors in the characterization of certain property and the calculation of
Donald’s economic contribution claim.  See In re Marriage of Jordan, 264
S.W.3d 850 (Tex. App.—Waco 2008, no pet.).  We liberally construe Marguerite’s pro
se appellate brief as raising three issues challenging: (1) the
characterization of the marital property; (2) the division of the community
estate; and (3) the court’s award of $12,000 to Donald and imposition of a lien
in that amount against Marguerite’s separate property for his economic contribution
claim.  We will affirm.

Characterization of Marital Property

            Marguerite’s first issue
challenges the manner in which the court characterized some of the marital
property.  In particular, she challenges the characterization of: (1) three
tracts of real property; and (2) Donald’s retirement fund.

            We review the court's
characterization of the marital property under traditional legal and factual
insufficiency standards.  Jordan Marriage, 264 S.W.3d at 854; Dutton
v. Dutton, 18 S.W.3d 849, 852 (Tex. App.—Eastland 2000, pet. denied). 
Because Marguerite does not specify which type of challenge she is making, we
shall construe her complaint as a legal insufficiency challenge.

            In the first appeal, we
addressed the proper characterization of the three disputed tracts: a 5-acre
tract we referred to as the “farm” and the homes Marguerite and Donald owned
before their marriage.  We concluded that the farm is Marguerite’s separate
property and each of the homes is the separate property of the person who owned
it before they married.  Jordan Marriage, 264 S.W.3d at 855-56.  The divorce
decree characterizes these properties consistently with our prior opinion.

            Nevertheless, Marguerite
contends that the two homes should be characterized as community property because
they were refinanced during the marriage.  However, we rejected a similar
contention in the first appeal.  Id. at 856 (“that the home was refinanced
during the marriage does not change its character as separate property”).

            In the first appeal, we held
that “the community estate’s interest in Donald’s retirement benefits is
approximately twenty-five percent or $34,688.”  Id. at 855 (emphasis added).  Marguerite states in her brief that
we “determined that [her] share of community retirement funds was $34,000.00.” 
She made a similar argument in the trial court, “The Appeals Court determined
$34,000 that I was entitled to as my share.”            Donald reminded the
trial court that $34,000 was determined to be the community’s share, not
Marguerite’s share.  These monies (in addition to the other $105,000 in
Donald’s retirement fund which was his separate property) were all expended
before trial.  The trial court took the community estate’s interest in Donald’s
retirement into account in dividing the community estate.

            The evidence relevant to the
characterization of these marital properties is such as would enable a
reasonable and fair-minded trier of fact to characterize them as the court
did.  See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Jordan
Marriage, 264 S.W.3d at 854.  Thus, we overrule Marguerite’s first issue.

Division of Community Property

            Marguerite contends in her
second issue that the court abused its discretion by the manner in which it
divided the community property.  She argues that a proper division of the
community property would result in an award to her with a monetary value of
$52,799.50.  She does not explain how she arrived at this figure and does not
refer to specific evidence in the record to support it.[1]

            Donald and Marguerite each
testified about their interests in the community assets, amounts they expended
for the benefit of the community or separate property, and their claims
regarding the manner in which the community estate should be decided.  Donald
provided legal and financial documents to support his testimony.  Marguerite
did not.[2]

            Viewing the evidence in the
light most favorable to the court’s decision, we cannot say that the court
abused its discretion by the manner in which it divided the community property.
 See In re S.A.A., 279 S.W.3d 853, 855-56 (Tex. App.—Dallas 2009, no pet.); Jordan Marriage,
264 S.W.3d at 857.  Thus, we overrule Marguerite’s second issue.

Economic Contribution Lien

            Marguerite contends in her
third issue that the court abused its discretion by imposing a $12,000 lien on
the farm in Donald’s favor.

            In the first appeal, we
reversed the court’s imposition of an economic contribution lien in the amount
of $15,930 against the farm.  Based on the evidence in the record and some
economic assumptions inferred from the evidence, we concluded that the record
would support an economic contribution lien of $13,304.  Jordan Marriage,
264 S.W.3d at 859-63.

            On remand, Donald presented
additional evidence to support his claim for economic contribution.  Marguerite
claims that “[m]onies spent on the 16’ x 24’ workshop alone exceed the lien of
$12,000.”  She cross-examined Donald about the amount he spent on this workshop
which he testified he built himself for about $4,000.  He vigorously disputed
her assertion that he spent $8,000 on it, and she provided no documentary
evidence to support this assertion.

            Without more, Marguerite has
failed to show that the court abused its discretion by imposing a $12,000 lien
on the farm in Donald’s favor.  Unlike the previous trial, Donald provided
sufficient evidence on which the court could exercise its discretion by
imposing an economic contribution lien.  Cf. Jordan Marriage, 264 S.W.3d
at 861-62.  Thus, we overrule Marguerite’s third issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed February 10, 2010

[CV06]

 

 

            









[1]
              At trial, Marguerite
argued that she was entitled to one-half of the value of the equipment and
tools purchased during the marriage, which in her estimation amounted to
$38,000 (1/2 of $76,000) plus her claimed $34,000 interest in Donald’s
retirement.

 





[2]
              Marguerite has
attached documents to her brief.  Some of these documents are included in the
clerk’s record or the reporter’s record in this case.  Others are not.  We may
not consider any documents that are not included in the clerk’s or reporter’s
record.  See Wright v. Sage Eng’g, Inc.,
137 S.W.3d 238, 245 n.3 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)
(appellate court cannot consider documents attached to brief but not included
in appellate record).