

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00033-CV

## IN THE MATTER OF THE MARRIAGE OF
## DONALD WILLIAM JORDAN AND
## MARGUERITE ANN JORDAN

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. 05-364B**

## MEMORANDUM OPINION

This is Marguerite Ann Jordan's second appeal from the divorce proceedings between herself and Donald William Jordan. In the first appeal, this Court, with Chief Justice Gray dissenting, reversed the judgment and remanded for further proceedings because of errors in the characterization of certain property and the calculation of Donald's economic contribution claim. *See In re Marriage of Jordan*, 264 S.W.3d 850 (Tex. App.—Waco 2008, no pet.). We liberally construe Marguerite's *pro se* appellate brief as raising three issues challenging: (1) the characterization of the marital property; (2) the division of the community estate; and (3) the court's award of $12,000 to Donald and

imposition of a lien in that amount against Marguerite's separate property for his economic contribution claim. We will affirm.

## Characterization of Marital Property

Marguerite's first issue challenges the manner in which the court characterized some of the marital property. In particular, she challenges the characterization of: (1) three tracts of real property; and (2) Donald's retirement fund.

We review the court's characterization of the marital property under traditional legal and factual insufficiency standards. *Jordan Marriage*, 264 S.W.3d at 854; *Dutton v. Dutton*, 18 S.W.3d 849, 852 (Tex. App.—Eastland 2000, pet. denied). Because Marguerite does not specify which type of challenge she is making, we shall construe her complaint as a legal insufficiency challenge.

In the first appeal, we addressed the proper characterization of the three disputed tracts: a 5-acre tract we referred to as the "farm" and the homes Marguerite and Donald owned before their marriage. We concluded that the farm is Marguerite's separate property and each of the homes is the separate property of the person who owned it before they married. *Jordan Marriage*, 264 S.W.3d at 855-56. The divorce decree characterizes these properties consistently with our prior opinion.

Nevertheless, Marguerite contends that the two homes should be characterized as community property because they were refinanced during the marriage. However, we rejected a similar contention in the first appeal. *Id.* at 856 ("that the home was refinanced during the marriage does not change its character as separate property").

In the first appeal, we held that "the *community estate's* interest in Donald's retirement benefits is approximately twenty-five percent or $34,688." *Id.* at 855 (emphasis added). Marguerite states in her brief that we "determined that [her] share of community retirement funds was $34,000.00." She made a similar argument in the trial court, "The Appeals Court determined $34,000 that I was entitled to as my share."

Donald reminded the trial court that $34,000 was determined to be the *community's* share, not Marguerite's share. These monies (in addition to the other $105,000 in Donald's retirement fund which was his separate property) were all expended before trial. The trial court took the community estate's interest in Donald's retirement into account in dividing the community estate.

The evidence relevant to the characterization of these marital properties is such as would enable a reasonable and fair-minded trier of fact to characterize them as the court did. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Jordan Marriage*, 264 S.W.3d at 854. Thus, we overrule Marguerite's first issue.

## Division of Community Property

Marguerite contends in her second issue that the court abused its discretion by the manner in which it divided the community property. She argues that a proper division of the community property would result in an award to her with a monetary value of $52,799.50. She does not explain how she arrived at this figure and does not refer to specific evidence in the record to support it.[1]

---

[1] At trial, Marguerite argued that she was entitled to one-half of the value of the equipment and tools purchased during the marriage, which in her estimation amounted to $38,000 (1/2 of $76,000) plus her claimed $34,000 interest in Donald's retirement.

Donald and Marguerite each testified about their interests in the community assets, amounts they expended for the benefit of the community or separate property, and their claims regarding the manner in which the community estate should be decided. Donald provided legal and financial documents to support his testimony. Marguerite did not.[2]

Viewing the evidence in the light most favorable to the court's decision, we cannot say that the court abused its discretion by the manner in which it divided the community property. *See In re S.A.A.*, 279 S.W.3d 853, 855-56 (Tex. App.—Dallas 2009, no pet.); *Jordan Marriage*, 264 S.W.3d at 857. Thus, we overrule Marguerite's second issue.

### Economic Contribution Lien

Marguerite contends in her third issue that the court abused its discretion by imposing a $12,000 lien on the farm in Donald's favor.

In the first appeal, we reversed the court's imposition of an economic contribution lien in the amount of $15,930 against the farm. Based on the evidence in the record and some economic assumptions inferred from the evidence, we concluded that the record would support an economic contribution lien of $13,304. *Jordan Marriage*, 264 S.W.3d at 859-63.

---

[2]     Marguerite has attached documents to her brief. Some of these documents are included in the clerk's record or the reporter's record in this case. Others are not. We may not consider any documents that are not included in the clerk's or reporter's record. *See Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 245 n.3 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (appellate court cannot consider documents attached to brief but not included in appellate record).

On remand, Donald presented additional evidence to support his claim for economic contribution. Marguerite claims that "[m]onies spent on the 16' x 24' workshop alone exceed the lien of $12,000." She cross-examined Donald about the amount he spent on this workshop which he testified he built himself for about $4,000. He vigorously disputed her assertion that he spent $8,000 on it, and she provided no documentary evidence to support this assertion.

Without more, Marguerite has failed to show that the court abused its discretion by imposing a $12,000 lien on the farm in Donald's favor. Unlike the previous trial, Donald provided sufficient evidence on which the court could exercise its discretion by imposing an economic contribution lien. *Cf. Jordan Marriage*, 264 S.W.3d at 861-62. Thus, we overrule Marguerite's third issue.

We affirm the judgment.

                                              FELIPE REYNA
                                              Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Affirmed
Opinion delivered and filed February 10, 2010
[CV06]