*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00257-CV

**IN RE** Corey **DUKES**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:     Karen Angelini, Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: April 28, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

At issue in this mandamus proceeding is whether the trial court abused its discretion in giving

the in-laws of Relator Corey Dukes temporary managing conservatorship of his son. We hold that

the trial court did abuse its discretion and conditionally grant Dukes's petition for writ of mandamus.

## BACKGROUND

Corey Dukes is the only surviving parent of his son, J.D., whose mother died tragically in

February 2009. Since the death of his mother, J.D. has lived with his father and his paternal

grandparents. In December 2009, Dukes's probation was revoked, and he was sentenced to two

---

[1] This proceeding arises out of Cause No. 2008-CI-14098, styled *In the Interest of J.D., a child*, pending in the 37th Judicial District Court, Bexar County, Texas. The challenged ruling was made by the Honorable Martha Tanner, presiding judge of the 166th Judicial District Court, Bexar County, Texas.

years of imprisonment. Since Dukes's incarceration, J.D. has continued to live with his paternal grandparents.

Shortly after Dukes's incarceration, J.D.'s maternal grandmother, Debbie Orchard, and his maternal step-grandfather, John Orchard, filed a suit affecting the parent-child relationship, seeking managing conservatorship of J.D. In response to the suit, Dukes filed a motion to dismiss, arguing that the Orchards did not have standing under either the general standing statute, section 102.003 of the Texas Family Code, or the grandparent standing statute, section 102.004.[2] On February 4, 2010, the Honorable Larry Noll heard Dukes's motion to dismiss. Noting that while he understood Dukes would be incarcerated for two years, Judge Noll explained that under section 102.004, the issue was whether "this child is presently in danger where this child is." Judge Noll asked whether there was anything to suggest that J.D.'s mental health or physical health was in danger because of his present circumstances of living with his paternal grandparents. When the Orchards' attorney could not bring forth any evidence to make such a showing, Judge Noll decided to allow the Orchards to amend their petition to seek possession or access pursuant to section 153.432.[3]

In February 2010, the Orchards filed their Second Amended Petition for Grandparent Possession or Access, seeking possession of or access to J.D. On March 19, 2010, the Orchards filed

---

[2] Section 102.004(a) provides that "[i]n addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree of consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that: (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical heath or emotional development; or (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit." TEX. FAM. CODE ANN. § 102.004(a) (Vernon Supp. 2009).

[3] Section 153.432(a) allows a "biological or adoptive grandparent" to "request possession of or access to a grandchild by filing: (1) an original suit; or (2) a suit for modification as provided by Chapter 156." TEX. FAM. CODE ANN. § 153.432(a) (Vernon Supp. 2009). Section 153.432(c) states that "[i]n a suit described by Subsection (a), the person filing suit must execute and attach an affidavit on knowledge or belief that contains, along with supporting facts, the allegation that denial of possession of or access to the child by the petitioner would significantly impair the child's physical health or emotional well-being." *Id.*

a motion for temporary orders, requesting that the trial court sign temporary orders granting them temporary possession of or access to J.D. In response, on March 23, 2010, Dukes filed another motion to dismiss, arguing that the Orchards' second amended petition, even if taken as true, was insufficient to support relief under the grandparent access statute because it did not allege that the Orchards had been denied access in the past or that they believed they would be denied access in the future. *See* TEX. FAM. CODE ANN. § 153.433 (Vernon Supp. 2009).

On March 25, 2010, the trial court heard the Orchards' motion for temporary orders. Although the Orchards' live pleading, the second amended petition, did not request managing conservatorship and merely requested possession of or access to J.D., at the end of the hearing, the trial court ordered that temporary managing conservatorship be given to the Orchards. Dukes then filed this mandamus proceeding. The trial court and the Orchards have filed responses to Dukes's petition for writ of mandamus.

## STANDARD OF REVIEW

Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See, e.g., In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (granting mandamus relief and directing trial court to vacate its temporary orders granting grandparents access to grandchild); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (holding that mandamus is appropriate remedy because temporary order granting visitation is not appealable); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (holding that mandamus is an appropriate remedy because "the trial court's issuance of temporary orders is not subject to interlocutory appeal"); *In re Garza*, 153 S.W.3d 97, 100 (Tex. App.—San Antonio 2004, orig. proceeding) (holding that mandamus is appropriate to challenge temporary

orders). We must, therefore, consider whether the trial court abused its discretion in giving the Orchards temporary managing conservatorship of J.D. *See In re Derzapf*, 219 S.W.3d at 334-35; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

In his petition for writ of mandamus, Dukes argues that the trial court abused its discretion by giving temporary managing conservatorship to the Orchards when there was no live pleading requesting managing conservatorship. Indeed, at the time the trial court gave the Orchards temporary managing conservatorship of J.D., the Orchards did not have a live pleading requesting managing conservatorship. The Orchards' live pleading, the second amended petition, merely requested access or possession pursuant to section 153.432 of the Family Code. In giving temporary managing conservatorship of J.D. to the Orchards without a live pleading on file asking for managing conservatorship, the trial court abused its discretion. *See In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.); *see also* TEX. R. CIV. P. 301. Therefore, we conditionally grant Dukes's petition for writ of mandamus and order the trial court to vacate its order giving temporary managing conservatorship to the Orchards. Only if the trial court fails to withdraw its order will we issue the writ.[4]

Karen Angelini, Justice

---

[4][▲] Having conditionally granted Dukes's petition for writ of mandamus, we need not reach the merits of his other six issues: (1) whether his due process rights were violated because he was not allowed to present evidence on his behalf at the hearing; (2) whether the trial court giving temporary managing conservatorship to the Orchards violated section 156.006 of the Texas Family Code by having the effect of changing the person with the exclusive right to determine the child's primary residence; (3) whether the trial court giving temporary managing conservatorship to the Orchards violated the Texas Family Code by giving John Orchard, a step-grandparent not related to J.D. by blood or adoption, temporary managing conservatorship when John Orchard would not even have the right to request access or possession under the Code; (4) whether the trial court giving temporary managing conservatorship to the Orchards violated section 156.132 by restricting Dukes's parental rights and duties without a showing of abuse, neglect, or emotional impairment to J.D.; (5) whether the trial court giving temporary managing conservatorship to the Orchards was in J.D.'s best interest; and (6) whether the trial court giving temporary managing conservatorship to the Orchards violated the Family Code's procedural and substantive standards regarding the rights of a non-parent to request managing conservatorship.