

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00371-CV

MORGAN JACKSON                                                    APPELLANT

V.

ERIC JENNINGS KISIAH                                              APPELLEE

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In six issues, Appellant Morgan Jackson appeals the trial court's amended judgment that he take nothing on his claim for bodily injury against Appellee Eric Jennings Kisiah. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Jackson filed suit against Kisiah[2] after Kisiah stabbed him as he exited a sports bar. Jackson pleaded a cause of action against Kisiah for "infliction of bodily injury during psychotic episode." Jackson pleaded that Kisiah was "delusional and psychotic" when he attacked Jackson and that

> [b]ecause of KISIAH's documented mental illness at the time of this occurrence, he did not possess the ability to control his conduct regardless of any understanding of the nature of his actions or its wrongfulness. Because KISIAH lacked such ability to comprehend his actions at the time of this occurrence, his act of stabbing Plaintiff was totally, unexpected, unintended, a departure from reality, makes no sense, and therefore, was an accident.

After a bench trial, the trial court found that Kisiah intentionally and knowingly caused bodily injury to Jackson and signed a May 16, 2012 judgment awarding Jackson damages.

Kisiah filed a motion to modify the judgment on May 31, 2012. Kisiah's motion to modify argued that the trial court's judgment—specifically the finding that Kisiah intentionally and knowingly caused bodily injury to Jackson—was not supported by Jackson's pleadings. The motion to modify claimed that "[i]n the more than two years between the filing of the Second Amended Original Petition and the trial of this case, Plaintiff never wavered in his assertion that Kisiah's action was unintentional." The trial court conducted a hearing on the motion to modify, and at the hearing, the trial court explained that because Jackson had

---

[2]Jackson's suit named other defendants, but they are not parties to this appeal.

2

pleaded only a negligence cause of action against Kisiah, he could not obtain a

judgment on an unpleaded intentional tort cause of action.[3]  Consequently, the

---

[3]The following dialog between the trial court and Jackson's counsel occurred at the hearing:

THE COURT:  Do you agree with this motion [to modify the judgment]?"

[Jackson's counsel]:  No, Your Honor.

THE COURT:  You didn't plead intentional.

. . . .

THE COURT:  I think it was intentional.

A.  Exactly.

THE COURT:  But you didn't plead it as intentional, because you said he had some type of mental disorder that prevents him from committing an intentional act.

. . . .

THE COURT:  And then we go down following your pleading and plaintiff's claims against them, so there is your cause of action.

[Jackson's counsel]:  Infliction of bodily injury.

THE COURT:  Yes.  I mean, you know you did this to try and get insurance from the bar, when you said negligence in the first place.  If you'd said intentional, you know you wouldn't have gotten it, and so I think you're stuck with your pleadings.

[Jackson's counsel]:  Well, actually, we were trying to get the homeowner's insurance.  The bar didn't have insurance.

THE COURT:  Right, so you chose to plead it as negligence as opposed to intentional tort.

3

trial court signed an amended judgment ordering that Jackson take nothing. Jackson perfected this appeal.

### III. TRIAL COURT'S AMENDED JUDGMENT CONFORMED TO THE PLEADINGS

Jackson raises six issues in his brief; Kisiah did not file a brief. In issues one through five, Jackson claims that Kisiah's motion to modify was untimely filed and that the trial court abused its discretion by granting the motion to modify. In his sixth issue, Jackson argues that the trial court acted in an inequitable manner by signing an amended take-nothing judgment when Kisiah did not dispute liability.

A court's jurisdiction to render judgment is invoked by the pleadings, and a judgment unsupported by pleadings is void. *Maswoswe v. Nelson*, 327 S.W.3d 889, 893–94 (Tex. App.—Beaumont 2010, no pet.) (citing *In re S.A.A.,* 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.)). Therefore, a trial court's

---

[Jackson's counsel]: Still has the damages and the -- and if you find that it was an accident, I guess, then --

THE COURT: You said it was an accident.

. . . .

THE COURT: It doesn't change the damages, but you have to get past the first question. Was he negligent?

[Jackson's counsel]: Right.

THE COURT: Did the negligence, if any, of your client cause the occurrence in question, and you're saying no, it didn't, you're saying it was an intentional act.

judgment must conform to the pleadings. Tex. R. Civ. P. 301; *see, e.g.*, *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 688 (Tex. 1991); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). And a party may not obtain a judgment based upon a theory not pleaded. *See Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 19 (Tex. App.—El Paso 2005, pet. denied); *Affiliated Capital Corp. v. Musemeche*, 804 S.W.2d 216, 219 (Tex. App.—Houston [14th Dist.] 1991, writ denied). After the trial court renders judgment, it is too late to ask to amend the pleadings to add a new theory of recovery. *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.—Dallas 2007, no pet.); *Mitchell v. LaFlamme*, 60 S.W.3d 123, 132 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

The exception to this rule occurs when an issue not raised by the pleadings is tried by consent. *See* Tex. R. Civ. P. 67; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *see also Oil Field Haulers Ass'n v. R.R. Commn.*, 381 S.W.2d 183, 191 (Tex. 1964) ("That a plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent, is the general rule."). When an unpleaded issue is tried by consent, the failure to amend the pleadings shall not affect the result of the trial on the unpleaded issues. Tex. R. Civ. P. 67; *see Marrs & Smith*, 223 S.W.3d at 19. Trial by implied consent is limited in application to exceptional cases where it clearly appears from the record as a whole that the parties tried by consent an issue that had not been pleaded. *See Marrs & Smith*, 223 S.W.3d at 19. It is not intended to establish a general rule of practice; it should be applied with care and

5

never in a doubtful situation. *Id.* To determine whether the issue was tried by consent, the court must examine the record not for *evidence of the issue* but rather for *evidence of trial of the issue. Id.*

Jackson pleaded only a negligence theory of recovery against Kisiah. He did not plead an intentional tort theory of recovery. The trial court indicated in its first judgment, as well as at the hearing on Kisiah's motion to modify the first judgment, that it believed Kisiah had committed an intentional tort. We have carefully reviewed the reporter's record, and it contains nothing indicating that Jackson and Kisiah tried by consent the unpleaded intentional tort theory of recovery.[4] *Accord Maswoswe*, 327 S.W.3d at 894 (explaining that trial by consent requires development of the unpleaded issue under circumstances indicating both parties understood the issue was in the case and the other party failed to make the appropriate complaint). Because after the trial court entered its first judgment it was too late for Jackson to amend his pleadings to add a new intentional tort theory of recovery, because no pleadings existed supporting a recovery for Jackson based on an intentional tort, because the record does not

---

[4]We have thoroughly reviewed the reporter's record filed in this appeal. Nothing in the record indicates that both parties understood Jackson was proceeding on an intentional tort theory of the case. Jackson, as the plaintiff, called the following as witnesses: himself; Kisiah's older brother, Matthew; Kisiah's younger brother, James Harrison; Dr. Gary Dick Miller, a clinical psychologist; Sandra Harrison, Kisiah's mother; and Clint Ashburn, Jackson's best friend. The defense called no witnesses. The evidence presented at trial established that Kisiah suffered from a mental illness and that his stabbing of Jackson "made no sense."

6

indicate that Jackson's unpleaded intentional tort theory of recovery was tried by consent, and because the trial court determined that Kisiah's stabbing of Jackson did not constitute negligence, the trial court properly entered a judgment that conformed to the pleadings—that is, a judgment that Jackson take nothing on his pleaded negligence cause of action against Kisiah. *See* Tex. R. Civ. P. 301; *Oil Field Haulers Ass'n*, 381 S.W.2d at 191; *Stephanz v. Laird*, 846 S.W.2d 895, 901–02 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (analyzing whether unpleaded issue was tried by consent and holding that it was not).

All of Jackson's individual issues are subsumed within the analysis set forth above, but in the interest of thoroughness, we will articulate and dispose of each of his six issues. We overrule Jackson's first issue claiming that Kisiah's motion to modify was untimely filed because it complains of a pleading defect and was therefore required to be filed per rule 90 of the rules of civil procedure before the judgment was signed; the motion to modify was timely filed within thirty days of the trial court's judgment, and the judgment's failure to comport with the pleadings is a complaint about the judgment that is governed by rule 301, not a complaint about the pleadings that is governed by rule 90. *Compare* Tex. R. Civ. P. 90 (providing that pleading defect must be raised prior to judgment), *with* Tex. R. Civ. P. 301 (providing that the judgment shall conform to the pleadings); *see also* Tex. R. Civ. P. 329b (providing that motion to modify is timely if filed within thirty days of judgment). We likewise overrule Jackson's second and third issues complaining that the trial court abused its discretion by granting the

7

amended take-nothing judgment because Kisiah had fair notice of Jackson's claim and because Jackson pleaded a claim against Kisiah for infliction of bodily injury; these complaints mistakenly focus on what *was* pleaded in Jackson's petition—a negligence claim, instead of on what *was not* for purposes of conforming the judgment to the pleadings—that being an intentional tort cause of action. We overrule Jackson's fourth issue claiming that his unpleaded intentional tort cause of action was tried by consent; it was not, as set forth above. We overrule Jackson's fifth issue claiming that the trial court abused its discretion by granting the motion to modify and signing an amended take-nothing judgment against him; as set forth above, the judgment must conform to the pleadings, and the trial court in this case did not abuse its discretion by signing an amended judgment that Jackson take nothing on his pleaded negligence claim against Kisiah. Finally, we overrule Jackson's sixth issue claiming that the trial court abused its discretion and made an inequitable ruling by signing an amended judgment that Jackson take nothing when Kisiah "did not dispute liability"; Kisiah did dispute liability, and the case proceeded to trial on Kisiah's liability on Jackson's pleaded negligence claim.

## IV. Conclusion

Having overruled all of Jackson's issues, we affirm the trial court's take-nothing judgment.

SUE WALKER
JUSTICE

8

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  June 20, 2013