In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00185-CV

_____

IN THE INTEREST OF J.M.B. III AND A.J.J.

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CV1306482

## MEMORANDUM OPINION

S.D. appeals from an order terminating her parental rights to her minor children, J.M.B. III and A.J.J., after a bench trial.[1] In three issues, S.D. challenges the sufficiency of the evidence supporting termination of her parental rights under section 161.001(b)(1)(L) and 161.001(b)(1)(Q) of the Texas Family Code and argues that she was denied effective assistance of counsel.[2] *See* Tex. Fam. Code Ann. §

---

[1]The trial court's order also terminated the parental rights of the children's father, who is not a party to this appeal.

[2]S.D. does not challenge the sufficiency of the evidence supporting the best interest finding.

1

161.001(b)(1)(L), (Q) (West Supp. 2017). We affirm the trial court's termination order.

ISSUES ONE AND TWO

In issue one, S.D. challenges the sufficiency of the evidence supporting termination of her parental rights under section 161.001(b)(1)(Q), and in issue two, S.D. challenges the sufficiency of the evidence supporting termination of her parental rights under § 161.001(b)(1)(L). *See id*. We address issues one and two together.

The Department alleged in its petition that S.D. had been convicted of being criminally responsible for the death or serious injury to a child, but explicitly limited its allegations to convictions for sexual assault, aggravated assault, aggravated sexual assault, or injury to a child, elderly individual or disabled individual.[3] The Department did not allege that S.D. was convicted of any of the other offenses enumerated as grounds for termination in section 161.001(b)(1)(L), one of which is indecency with a child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(L)(iv). The Department's petition did not allege that S.D. had knowingly engaged in criminal conduct that resulted in conviction and confinement for not less than two years from

---

[3]The record is silent regarding the reason the Department decided to include a partial list of the offenses set forth in subsection (L), and more importantly, why the Department chose not to include the actual offense committed by S.D.

2

the date of petition, as provided in section 161.001(b)(1)(Q). *See id.* § 161.001(b)(1)(Q).

S.D., who is currently incarcerated, testified by phone. S.D. testified that she is currently incarcerated as a result of a 2014 conviction for indecency with a child, and she is not eligible for parole until 2023. The trial court admitted a copy of the judgment of conviction into evidence as an exhibit. The Department did not elicit further testimony from S.D. regarding the indecency with a child conviction, nor did S.D.'s counsel or the guardian ad litem, and no evidence was adduced regarding any other convictions.

During a break in the testimony, the trial judge commented, "[The] mother can be . . . L or Q. Convicted of indecency, that's L. More than two years is Q." After the Department and the children's father had rested, the trial judge commented, "I want you to argue . . . L and Q for the mother. . . . I find there's enough evidence in the record for those[.]" S.D.'s counsel then argued as follows:

> Unfortunately, Judge, on L and Q, our hands are tied with that, because we received a certified copy of the judgment for [S.D.], here, in Liberty County where she was charged and sentenced [for] indecency with a child . . . . And you've heard that she[is] not eligible for parole until 2023.

At the conclusion of the closing arguments, the trial judge stated that he would terminate S.D.'s parental rights "under L and Q[,]" and the trial judge signed an

order terminating S.D.'s parental rights after finding that S.D. had been (1) convicted of sexual assault, aggravated assault, aggravated sexual assault, or injury to a child, elderly individual or disabled individual and (2) had knowingly engaged in criminal conduct that resulted in her conviction of an offense and imprisonment for not less than two years from the date the Department filed its petition, "pursuant to § 161.001(b)(1)(Q), Texas Family Code[.]"

A judgment must conform to the pleadings and proof. Tex. R. Civ. P. 301. A trial court's jurisdiction is invoked by the pleadings, and a judgment terminating parental rights cannot be based upon grounds not pleaded in the petition. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet); *In the Interest of S.R.M.*, 601 S.W.2d 766, 769 (Tex. Civ. App.—Amarillo 1980, no writ). However, unpleaded claims that were tried by express or implied consent are treated as though they were raised by the pleadings. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *In the Interest of K.S.*, 448 S.W.3d 521, 533-34 (Tex. App.—Tyler 2014, pet. denied) (holding that termination of parental rights under the Indian Child Welfare Act was tried by consent). "To determine whether an issue was tried by consent, we examine the record for 'trial of the issue' as opposed to 'evidence of the issue.'" *In the Interest of K.S.,* 448 S.W.3d at 533 (quoting *In the Interest of S.A.A.,* 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009,

4

no pet.)). "A party who allows an issue to be tried by consent and fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal." *Id.*

By failing to raise the lack of a pleading before submission of the case, S.D. failed to preserve this issue for appeal. *See id.* In addition, because S.D.'s attorney did not challenge the trial judge's suggestion that subsections (L) and (Q) supported termination and instead affirmatively stated that, due to the evidence introduced regarding S.D.'s conviction for indecency with a child, S.D.'s hands were tied as to the applicability of those subsections, the record demonstrates that the issues were tried by consent. *See id. at* 533-34. We therefore conclude that sufficient evidence supported the trial court's findings regarding subsections (L) and (Q). Accordingly, we overrule issues one and two.

## ISSUE THREE

In issue three, S.D. argues that if this Court determines that her counsel tried the unpleaded termination grounds by consent, she received ineffective assistance of counsel. Specifically, S.D. asserts that there is no plausible reason why a competent attorney "would concede a basis for termination of parental rights which [is] outside the scope of the pleadings." S.D. contends that counsel's performance was deficient,

5

and but for counsel's deficient performance, the outcome of the trial would have been different.

The Texas Supreme Court has adopted the *Strickland* standards for evaluating the effectiveness of counsel in parental-rights termination cases. *In the Interest of M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that trial counsel's performance was deficient, and that counsel's deficiency prejudiced the defense. *Id*. at 545. An appellant must establish both prongs of *Strickland*. *Id*. An appellant must show that counsel's errors were so serious as to deprive her of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. In evaluating a claim of ineffective assistance, we consider all of the circumstances surrounding the case, and we must focus on whether counsel performed in a reasonably effective manner. *In the Interest of M.S.*, 115 S.W.3d at 545. We must strongly presume that counsel's conduct falls within the wide range of reasonable professional assistance and was motivated by sound trial strategy; however, counsel is ineffective when the representation provided is so deficient that it renders the proceedings fundamentally unfair. *Id*. When the record is silent regarding the reasons for counsel's actions, we may not speculate to find counsel ineffective. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608,

623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). On a silent record, "courts will ordinarily presume that the challenged action might be considered sound trial strategy." *Maxwell v. Tex. Dep't of Family & Protective Servs.*, No. 03-11-00242-CV, 2012 WL 987787, at \*6 (Tex. App.—Austin Mar. 23, 2012, no pet). (mem. op.).

In this case, no motion for new trial was filed, and no affidavit from trial counsel appears in the record. Because the record is silent, we may not speculate to find counsel ineffective, and we must presume that counsel engaged in sound trial strategy. *See Walker*, 312 S.W.3d at 623; *Maxwell*, 2012 WL 987787, at \*6. If S.D.'s counsel had raised the pleadings issue before the trial judge, the Department could have requested, and would be entitled to, a trial amendment to correct the deficiency in its pleadings. *See* Tex. R. Civ. P. 66; *Zarate v. Rodriguez*, 542 S.W.3d 26, 37 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding that a trial court has no discretion to refuse a trial amendment unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment is facially prejudicial because it asserts a new cause of action). S.D. had notice that one of the grounds upon which the Department sought to terminate her parental rights was her conviction of one of the criminal offenses identified in section 161.001(b)(1)(L). Because S.D. failed to satisfy the first prong of *Strickland*, she has failed to demonstrate that trial counsel provided ineffective assistance. Accordingly, we

overrule issue three and affirm the trial court's order terminating S.D.'s parental rights.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 29, 2018
Opinion Delivered October 4, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.