**Affirmed and Opinion Filed July 6, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00551-CV

### OLGA RIVKIN AND CRYSTAL INVESTMENT PROPERTY, LLC, Appellants
### V.
### AHMED ELGALAD, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02686**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

This is a contest over excess proceeds after a foreclosure sale of an apartment building. After a bench trial, the trial judge awarded the proceeds to appellee Ahmed Elgalad. Appellants Olga Rivkin and Crystal Investment Property, LLC raise two issues on appeal. We affirm.

## I.     Background

This case began in February 2018 when Wells Fargo Bank, N.A. sued Olga Rivkin, her husband Alexander Rivkin,[1] Crystal Investment, and another company. Wells Fargo alleged the following facts:  Wells Fargo held a note secured by a deed of trust on an apartment complex in Dallas County owned by Crystal Investment. The note was in default and had been accelerated. The Rivkins, who were then engaged in divorce proceedings in Collin County, were the president and vice president of Crystal Investment. The Rivkins were denying Wells Fargo its contractual right to access and inspect the apartment complex. Wells Fargo sought various forms of relief, including a temporary restraining order requiring the defendants to allow Wells Fargo to access the apartment complex and prohibiting the defendants from collecting and withholding rents.

Olga and Crystal Investment filed an answer and a counterpetition.

In July 2018, Paul Fletcher filed a petition in intervention and cross-petition to interplead funds. He alleged that he was a trustee under the deed of trust and that on June 6, 2018, the apartment complex in question had been sold in a foreclosure sale for $390,000. He further alleged that about $198,000 of the proceeds had been delivered to the mortgagee and that there were multiple claimants to the remaining $191,848.48. Those claimants included Wells Fargo and Elgalad. Fletcher also

---

[1] For clarity, we will refer to the Rivkins by their first names.

identified appellants as potential claimants. The docket sheet indicates that Fletcher deposited the $191,848.48 into the court's registry.

Elgalad filed an original answer in which he asserted a claim to "up to 100%" of the interpleaded funds.

Appellants nonsuited their counterclaims against Wells Fargo.

In February 2019, Well Fargo obtained a partial summary judgment awarding it some of the interpleaded funds as post-foreclosure attorneys' fees and expenses. Wells Fargo later filed a notice that it had collected the amounts awarded, and the final judgment recites that Wells Fargo was "discharged from this case" before trial.

The case was set for trial October 8, 2019. On September 23, 2019, appellants filed a motion for continuance. And on October 4, 2019, Olga filed a motion to transfer venue of the case to Collin County based on Texas Civil Practice and Remedies Code § 15.002(b) and the events that had taken place in the Rivkins' divorce case in Collin County.

The case did not go to trial on October 8, 2019.

An associate judge heard and denied Olga's motion to transfer venue. On February 21, 2020, the presiding judge held a de novo hearing and signed an order denying Olga's motion.

On March 3, 2020, the remaining claims were tried without a jury. Elgalad and Olga were the only witnesses to testify. Elagalad claimed that he was entitled to the excess funds because Alexander, acting on behalf of Crystal Investment and

another company, had assigned those companies' rights to the excess funds to Elgalad. The trial judge took the matter under advisement.

In March 2021, the trial judge signed a final judgment that awarded Elgalad the funds remaining in the registry of the court in the amount of $168,171.25. No findings of fact were requested or made.

Appellants timely filed their notice of appeal.

## II.    Analysis

**A.    Issue One:  Was the evidence legally or factually insufficient to support the judgment awarding the excess proceeds to Elgalad?**

Appellants' first issue challenges the sufficiency of the evidence to support the judgment in favor of Elgalad. Appellants' argument is a narrow one that proceeds as follows:

- Although appellants did not plead lack of consideration as a defense against Elgalad's claim, the issue was tried by consent.

- The evidence established that the assignment whereby Elgalad obtained his alleged interest in the excess proceeds was not supported by consideration and was therefore invalid.

- Accordingly, Elgalad's claim to the proceeds was without merit.

Elgalad argues, among other things, that lack of consideration was not tried by consent. As explained below, we conclude that the trial judge could have

–4–

reasonably determined that appellants' lack-of-consideration defense was not tried by consent and rejected the defense for that reason.[2]

### 1.    Applicable Law

Unpleaded issues are treated as if they had been pleaded if they are tried by the express or implied consent of the parties. TEX. R. CIV. P. 67. An unpleaded issue may be deemed tried by implied consent if evidence about the issue is developed under circumstances showing that (1) both parties understood the issue was in the case and (2) the opposing party did not properly object. *See Garcia v. Nunez*, No. 05-17-00631-CV, 2018 WL 6065254, at *9 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op.). An issue is not tried by consent merely because evidence regarding it is admitted; the record must show not evidence of the issue but evidence of *trial of* the issue. *Bos v. Smith*, 556 S.W.3d 293, 306–07 (Tex. 2018). If the evidence is relevant to pleaded issues as well as to unpleaded issues, there is no trial by consent of the unpleaded issues because the evidence would not be calculated to elicit an objection. *Id*. at 307.

The trial judge has broad discretion to determine whether an unpleaded issue was tried by consent. *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 495 (Tex.

---

[2] Elgalad also argues that Olga lacks standing to challenge the assignment of the excess funds from Crystal Investment to Elgalad. To the extent Elgalad challenges Olga's constitutional standing to make her challenge, we disagree. There was evidence that Olga was a co-owner of Crystal Investment at the time of the assignment. Thus, she has constitutional standing to sue for any injury to the value of her interest in Crystal Investment caused by the assignment. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 778 (Tex. 2020) ("[A] partner or other stakeholder in a business organization has constitutional standing to sue for an alleged loss in the value of its interest in the organization.").

App.—Dallas 2010, pet. denied). However, trial by consent is the exception rather than the rule, and it should not be inferred in doubtful cases. *Id.*

We review a trial judge's determination of whether an issue has been tried by consent for abuse of discretion. *See id.* A trial judge abuses her discretion by making a ruling that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009).

### 2. Relevant Facts

The record pertinent to whether lack of consideration was tried by consent is as follows.

At trial, Elgalad testified that he was in the business of buying foreclosed properties, turning them around, and reselling them. When Wells Fargo foreclosed on the apartment complex at issue in this case, business entities in which Elgalad had an interest bought the apartment complex at the foreclosure sale.

Elgalad further testified that after the foreclosure sale he discovered the property was "in bad, bad, bad shape," with numerous code violations. Alexander approached Elgalad about possibly selling Elgalad some additional nearby property. Later, Alexander, acting on behalf of Crystal Investment and one other business entity, executed an assignment that conveyed to Elgalad all interest in the excess funds. The assignment was admitted into evidence.

During Elgalad's cross-examination, appellants' counsel asked whether Elgalad had any evidence that he paid anything in exchange for the assignment.

–6–

Elgalad's counsel objected that consideration was not raised "in the pleadings by verified pleadings" and that Olga lacked standing to challenge the assignment, and the trial judge sustained the objections. However, after both sides had finished questioning Elgalad, the trial judge asked him a few questions, including whether he paid anything for the assignment. Elgalad answered that he did not pay anything for the assignment. Then Elgalad's counsel took him on redirect examination and asked him a question about his "arrangement" with Alexander in connection with the assignment. The gist of Elgalad's lengthy answer was that Alexander wanted to sell Elgalad some other buildings near the foreclosed property, Elgalad told Alexander that he was not interested because of the sizable outstanding fees owed for code violations on the foreclosed property, and Alexander said he would give the excess proceeds to Elgalad to pay the outstanding fees and to make Elgalad willing to buy Alexander's other properties.

Then appellants' counsel took Elgalad on further cross-examination, ending with the following exchange:

Q    Did you have any kind of arrangement with [Alexander] that you pay his attorney's fees in Collin County [where the Rivkins' divorce case was pending]?

A    No.

Q    And it was never reduced to writing that you were to pay his attorney's fees in exchange of [a] 50/50 interest in those proceeds here?

A    I haven't paid [Alexander] a dollar.

Q   Okay.

A   I am expecting money from him. I'm not going to pay him money.

That concluded Elgalad's testimony.

During closing arguments, Elgalad's counsel argued that appellants' lack-of-consideration argument was not supported by a verified pleading and, alternatively, there was consideration for the assignment.

### 3.   Application of the Law to the Facts

In applying the law to the facts, we keep in mind that (1) trial by consent is the exception rather than the rule and should not be inferred in doubtful cases, and (2) the trial judge has broad discretion in determining whether an issue has been tried by consent. *See Hampden Corp.*, 331 S.W.3d at 495. We conclude that the trial judge did not abuse her broad discretion by implicitly rejecting appellants' trial-by-consent argument.[3]

Elgalad's counsel objected when appellants' counsel first attempted to elicit testimony about the existence of consideration for the assignment, and the trial judge sustained the objections. The trial judge herself then questioned Elgalad on various topics, including whether he had paid anything for the assignment. However, "[t]rial by consent is intended only in the exceptional case where the record clearly reflects *the parties'* trial of an issue by consent." *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex.

---

[3] Appellants do not dispute that they bore the burden of pleading lack of consideration. We assume without deciding that appellants were required to plead that issue to put it before the trial court.

App.—Dallas 2009, no pet.) (emphasis added). The trial judge could have reasonably concluded that Elgalad's testimony about consideration at this point in the trial did not amount to trial by consent because that testimony was not elicited by the parties—it was elicited by the judge.

After that, Elgalad's counsel asked Elgalad a general question about his "arrangement" with Alexander "in connection with the taking of this Assignment." Elgalad then explained the facts leading up to the assignment. Although Elgalad testified that Alexander said that he was "going to give" Elgalad the assignment of the excess proceeds to pay for the code violations, Elgalad did not testify that the assignment had in fact been made without consideration. Thus, the trial judge could reasonably conclude that this testimony did not support a conclusion that lack of consideration was tried by consent.

Finally, appellants point to Elgalad's final testimony on cross-examination, during which Elgalad confirmed that he had not paid Alexander anything and was not going to pay him anything. Although Elgalad did not object to this testimony, the trial judge could have reasonably concluded that Elgalad merely reiterated the testimony that the trial judge herself had elicited during her questioning, and thus that Elgalad was not required to object to this cumulative testimony to avoid trial by consent.

Again, trial by consent is limited to exceptional cases and should not be inferred in doubtful situations. *See id*. Appellants cite *Collins v. Collins*, 345 S.W.3d

644 (Tex. App.—Dallas 2011, no pet.), to support their position, but the trial-by-consent facts in *Collins* were stronger than those in the instant case. *See id*. at 648–49 (issue was tried by consent where (1) a party raised the unpleaded issue in both opening statement and closing argument and (2) evidence of the unpleaded issue was admitted without objection on multiple occasions).

On this record, we conclude that the trial judge's implicit rejection of appellants' trial-by-consent theory was not so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. Accordingly, we hold that the trial judge did not abuse her discretion, and we overrule appellants' first issue on appeal.

**B.    Issue Two: Did the trial judge abuse her discretion by denying Olga's motion to transfer venue?**

Appellants argue their second issue in two steps: (1) Olga's motion to transfer venue was, in substance, a plea in abatement based on the pending divorce case in Collin County, and (2) the trial judge should have abated or transferred the case to Collin County under the dominant-jurisdiction doctrine. Elgalad disputes the first step of appellants' argument.

Appellants are correct that Texas courts give effect to the substance of a motion rather than its title or form. *See In re J.Z.P.*, 484 S.W.3d 924, 924–25 (Tex. 2016) (per curiam); *see also* TEX. R. CIV. P. 71 ("Misnomer of Pleading").

But we agree with Elgalad that Olga's motion to transfer venue was, in substance, a motion to transfer venue for convenience under Civil Practice and

–10–

Remedies Code § 15.002, and not a motion to abate or transfer based on dominant jurisdiction in Collin County.

### 1. Applicable Law

Under § 15.002, a defendant may move to transfer a case to a different county of proper venue based on the convenience of the parties and witnesses and on the interest of justice. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b). The trial court's ruling on such a motion "is not grounds for appeal or mandamus and is not reversible error." *Id*. § 15.002(c).

The dominant-jurisdiction doctrine, by contrast, is a common-law rule whereby the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts in which inherently interrelated suits are subsequently filed. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). The proper method for drawing a court's attention to another court's possible dominant jurisdiction is a dilatory plea in abatement. *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding) (per curiam).

### 2. Application of the Law to the Facts

Here, Olga's motion was in substance a § 15.002 motion to transfer venue. The following facts support this conclusion:

- The motion was titled "Defendant Olga Rivkin's Motion to Transfer Venue."

- The first paragraph of the motion requested transfer to Collin County in accordance with § 15.002.

- The "argument & authorities" section of the motion cited and quoted § 15.002, and it specifically pointed out that § 15.002(c) would insulate a transfer order from appellate review.

- Although the motion discussed the Rivkins' Collin County divorce action, the motion did not invoke the dominant-jurisdiction doctrine.

- The motion's prayer did not request abatement. It requested only a transfer of venue, plus an award of costs and attorney's fees.

- At the hearing, Olga's counsel specifically invoked § 15.002 and argued that a transfer to Collin County under that statute would not be reviewable by an appellate court. She did not invoke the dominant-jurisdiction doctrine.

A motion to transfer venue is not a proper method for drawing a court's attention to another court's possible dominant jurisdiction. *Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 829 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see also In re Puig*, 351 S.W.3d at 306. Accordingly, we hold that Olga's motion to transfer venue did not preserve the dominant-jurisdiction argument she presents on appeal. *See Tate v. Andrews*, 372 S.W.3d 751, 754 (Tex. App.—Dallas 2012, no pet.) (issue was not preserved where appellants' argument on appeal did not comport with argument made in the trial court).

We overrule appellants' second issue on appeal.

### III.  Conclusion

For the foregoing reasons, we affirm the trial court's final judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210551F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OLGA RIVKIN AND CRYSTAL
INVESTMENT PROPERTY, LLC,
Appellants

No. 05-21-00551-CV          V.

AHMED ELGALAD, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02686.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Ahmed Elgalad recover his costs of this appeal from appellants Olga Rivkin and Crystal Investment Property, LLC.

Judgment entered this 6th day of July 2022.